IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

    *v.*

$23,711.00 IN UNITED STATES
CURRENCY,

    DEFENDANT.

CIVIL CASE NO.

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW plaintiff, United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

## NATURE OF THE ACTION

1.    This is a civil forfeiture action against $23,711.00 in United States Currency (hereinafter, "Defendant Currency") that the U.S. Drug Enforcement Administration ("DEA") seized from Duane Loren Bentley, Jr. ("Bentley") at Hartsfield-Jackson Atlanta International Airport on or about May 2, 2023.

1

2.     Defendant Currency is presently located in an account maintained by the United States Marshals Service.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.     This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

6.     The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and 846.

7.     The Defendant Currency is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

8.     18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9.     18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## FACTUAL BACKGROUND

10.     On May 2, 2023, DEA Task Force Officers established surveillance for purposes of potential interdiction near Gate D-4, Spirit Airlines Flight NK1829 to Los Angeles, California, at Hartsfield-Jackson Atlanta International Airport.

11.     DEA Task Force Officer ("TFO") Jarrod R. Browder observed a man, later identified as Bentley, near the boarding line at Gate D-4 who was allowing other passengers to pass in front of him in line.

12.     Bentley appeared to wait until the end of the boarding process to attempt to board the flight.

13.     TFO Browder also noticed a strong odor of burnt marijuana coming from Bentley.

14.　TFO Browder approached Bentley, identified himself as a law enforcement officer, and asked Bentley if he could speak with him about his travel.

15.　Bentley agreed to speak with TFO Browder.

16.　TFO Browder asked Bentley for identification.

17.　In response, Bentley provided TFO Browder with a South Carolina driver's license with the name "Duane Loren Bentley, Jr."

18.　TFO Browder explained to Bentley that he worked at the airport and conducted random interdiction stops to look for illegal narcotics and large sums of United States currency.

19.　TFO Browder asked Bentley if he was carrying any illegal narcotics such as marijuana, heroin, cocaine, ecstasy, methamphetamine, or MDMA.

20.　Bentley responded that he was not carrying any illegal drugs.

21.　TFO Browder also asked Bentley if he was carrying a large sum of United States currency, and, more specifically, an amount over $5,000.00.

22.　Bentley responded that he was not.

23.　TFO Browder asked for consent to search a brown Sprayground book bag that Bentley was carrying.

24.　Bentley consented to a search of his bag.

4

25.     TFO Browder searched the bag and found a thick stack of United States currency, *i.e.*, the Defendant Currency, bundled in a rubber band inside of a ski mask.

26.     Based on the training and experience of officers involved in this investigation, Defendant Currency was packaged in a manner consistent with currency involved in the distribution of illegal drugs.

27.     TFO Browder also located a roll of vacuum sealed plastic bags inside the book bag.

28.     Based on the training and experience of officers involved in this investigation, it is common for individuals involved in drug distribution to package illegal drugs and currency involved in the drug distribution in vacuum sealed bags.

29.     TFO Browder asked Bentley how much money he was carrying.

30.     Bentley would not answer the question.

31.     TFO Browder asked Bentley why he was traveling to California.

32.     Bentley stated that he was traveling to Los Angeles to visit friends and family, including an uncle who had "connections" in his "field."

33.     TFO Browder asked Bentley when had he purchased the ticket for the flight.

34.     Bentley responded that he had purchased the ticket two days earlier.

35.     TFO Browder asked Bentley where he planned to stay in California.

36.     Bentley responded that he did not have a hotel reservation.

37.     TFO Browder asked Bentley when he planned to return to Atlanta.

38.     Bentley responded that he had not purchased a one-way ticket and that he planned to return to Atlanta three days later, on May 5, 2023.

39.     TFO Browder observed Bentley's travel itinerary and saw that Bentley was, in fact, traveling on a one-way ticket with no return flight.

40.     TFO Browder asked Bentley if he could prove the source of the Defendant Currency.

41.     Bentley ultimately could not.

42.     Bentley stated that he was a recent college graduate, but that he was currently unemployed.

43.     Upon further questioning, Bentley admitted that he had graduated from college two years before in 2021.

44.     Bentley later informed TFO Browder that he operated an online clothing store on shopify.com called Top Choice, LLC.

45.     TFO Browder asked Bentley if he could show any bank transactions.

46.     Bentley admitted that he could not, but claimed that he received cash from people.

47.     Bentley claimed that the Defendant Currency was his "life savings" because he intended to move to Los Angeles and needed the money to find a place to live.

48.     Based on all of the circumstances of the encounter, including, but not limited to, Bentley's inconsistent explanations for the source of the large amount of cash, TFO Browder seized the Defendant Currency as drug proceeds, pending further investigation.

49.     Bentley did not board Spirit Flight NK1829 to Los Angeles, and TFO Browder helped Bentley rebook his flight for later in the day.

50.     Later that day, TFO Browder requested that Brookhaven Police Department Officer David Fikes with his K-9 partner, Bane, conduct an open-air sniff on the Defendant Currency.

51.     K-9 Officer Bane is a four-year old Czech Shepard certified to detect the odors of illegal narcotics, including marijuana, cocaine, heroin, MDMA, and methamphetamine.

52.     Officer Fikes deployed K-9 Officer Bane, who gave a positive alert for the presence of the odor of narcotics on the Defendant Currency.

53.     DEA subsequently conducted an official count of the Defendant Currency and determined that it equaled $23,711.00, consisting of the following denominations:

- 102 $100.00 bills,

- 58 $50.00 bills,

- 478 $20.00 bills,

- 42 $10.00 bills,

- 100 $5.00 bills, and

- 131 $1.00 bills.

*Criminal History*

54.     A review of Bentley's criminal history revealed that he was convicted of possession of marijuana, less than an ounce, in Sumter County, Georgia, on May 22, 2013 and January 7, 2020.

8

55.     Bentley was also arrested for purchase, possession, manufacture, distribution, or sale of marijuana in Treutlen County, Georgia on or about December 11, 2021.

*Administrative Proceedings*

56.     DEA began administrative forfeiture proceedings against the Defendant Currency on or about June 19, 2023.

57.     Bentley, by and through his counsel, Leslie Sammis, Esq., filed an administrative claim with DEA to the Defendant Currency.

58.     Pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter for judicial forfeiture to the U.S. Attorney's Office for the Northern District of Georgia.

## CONCLUSION

59.     Based on the forgoing, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

60.     The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely, the illegal distribution of controlled substances.

WHEREFORE, Plaintiff prays:

(1)     That the Court forfeit the Defendant Currency to the United States of America;

(2)     That the Court award the United States the costs of suit incurred in this action; and,

(3)     That the Court grant such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 21st day of August, 2023.

> Respectfully submitted,
> RYAN K. BUCHANAN
>     *United States Attorney*
>     600 U.S. Courthouse
>     75 Ted Turner Drive SW
>     Atlanta, GA 30303
>     (404) 581-6000   fax (404) 581-6181
>
> /s/NORMAN L. BARNETT
>     *Assistant United States Attorney*
>     Georgia Bar No. 153292
>     Norman.Barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　PLAINTIFF,<br><br>　　*v.*<br><br>$23,711.00 IN UNITED STATES CURRENCY,<br><br>　　　　DEFENDANT. | CIVIL CASE NO. |

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jarrod R. Browder, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

This 20th day of August, 2023.

_____*Jarrod R. Browder*_____
JARROD R. BROWDER
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION